# 23-0466-cv

## United States Court of Appeals
### *for the*
## Second Circuit

JENNIFER JOHNSON,

*Plaintiff-Appellant,*

– v. –

MOUNT SINAI HOSPITAL GROUP, INC.,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-APPELLEE

RORY J. MCEVOY
AKERMAN LLP
*Attorneys for Defendant-Appellee*
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
(212) 880-3800

CP COUNSEL PRESS    (800) 4-APPEAL • (322842)

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, counsel for Defendant-Appellee The Mount Sinai Hospital (named herein as "Mount Sinai Hospitals Group, Inc") states that it does not have a parent corporation and that no publicly-held corporation owns 10% or more of its stock.

# <u>TABLE OF CONTENTS</u>

**Page**

CORPORATE DISCLOSURE STATEMENT ........................................................i

TABLE OF AUTHORITIES ....................................................................iv

PRELIMINARY STATEMENT ................................................................1

STATEMENT OF SUBJECT MATTER
    AND APPELLATE JURISDICTION ....................................................4

COUNTERSTATEMENT OF ISSUES ....................................................4

COUNTERSTATEMENT OF FACTS ......................................................7

    A.    Plaintiff's Employment..................................................................7

    B.    Mount Sinai's Covid-19 Policies...............................................7

    C.    The Mandate...............................................................................8

    D.    Plaintiff's Termination.................................................................9

THE DISTRICT COURT'S DECISION....................................................9

SUMMARY OF ARGUMENT .................................................................10

STANDARD OF REVIEW ........................................................................13

ARGUMENT .............................................................................................15

    POINT I

    THE DISTRICT COURT'S DECISION DISMISSING
    PLAINTIFF'S COMPLAINT SHOULD BE AFFIRMED
    BECAUSE PLAINTIFF FAILED TO PLEAD A CLAIM FOR
    DISABILITY DISCRIMINATION ...........................................15

    A.    Applicable Legal Standard....................................................16

    B.    The District Court Correctly Dismissed Plaintiff's Complaint ..........17

        i.    Plaintiff Improperly Attempts To Shift Her Burden Of
        Proof To Mount Sinai .............................................17

        ii.    Plaintiff Does Not Have A Record Of Impairment .................19

iii.     Mount Sinai Did Not Regard Or Perceive Plaintiff As Disabled ....................................................................22

C.     Mount Sinai's Vaccine Policy Is Job-Related ....................................24

D.     Plaintiff's Claim That Judge Donnelly Was Biased Is Arrant Nonsense ..........................................................................25

POINT II

THE DISTRICT COURT'S DECISION DISMISSING PLAINTIFF'S COMPLAINT SHOULD BE AFFIRMED BECAUSE PLAINTIFF FAILED TO PLEAD A CLAIM FOR RETALIATION ..........................................................................26

A.     Applicable Legal Standard ....................................................26

B.     Plaintiff Failed To Plead A Claim For Retaliation ...........................27

C.     Plaintiff Did Not Participate In A Protected Activity ........................27

CONCLUSION ..........................................................................30

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases:**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................... 13, 14, 16

*Beckerich v. St. Elizabeth Medical Ctr.*,
   563 F. Supp. 3d 633 (E.D. Ky. 2021), *reconsideration denied*,
   No. 21-CV-105, 2021 WL 4722915 (E.D. Ky. Sept. 30, 2021) ..................... 28-29

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................14

*Clark Cty. Sch. Dist. v. Breeden*,
   532 U.S. 268, (2001) ...........................................................................................29

*Conroy v. New York State Dep't of Corr. Servs.*,
   333 F.3d 88 (2d Cir. 2003) ..................................................................................18

*Davis v. N.Y.C. Dep't of Educ.*,
   804 F.3d 231 (2d Cir. 2015) ................................................................................16

*Duplan v. City of New York*,
   888 F.3d 612 (2d Cir. 2018) ................................................................................26

*Erickson v. Pardus*,
   551 U.S. 89 (2007) ..............................................................................................15

*Estelle v. Gamble*,
   429 U.S. 97 (1976) ..............................................................................................15

*Falso v. Ablest Staffing Servs.*,
   328 Fed. Appx. 54 (2d Cir. 2009) .......................................................................13

*Fattoruso v. Hilton Grand Vacations Co., LLC*,
   525 F. App'x 26 (2d Cir. 2013) ...........................................................................28

*Garrett v. Garden City Hotel, Inc.*,
   No. 05-CV-0962, 2007 WL 1174891 (E.D.N.Y. Apr. 19, 2007) .......................30

*Harris v. Mills*,
   572 F.3d 66 (2d Cir. 2009) ..................................................................................15

*Hollander v. Am. Cyanamid Co.*,
   895 F.2d 80 (2d Cir. 1990) ..................................................................................29

iv

*Jaeger v. N. Babylon Union Free Sch. Dist.*,
   191 F. Supp. 3d 215 (E.D.N.Y. 2016) ...................................................28

*Lundstrom v. Contra Costa Health Services*,
   No. 22-CV-6227, 2022 WL 17330842 (N.D. Cal. Nov 29, 2022) .......................19

*Mandala v. NTT Data, Inc.*,
   975 F.3d 202 (2d Cir. 2020) ...................................................14

*McCone v. Exela Techs., Inc.*,
   No. 21-CV-912, 2022 WL 801772 (M.D. Fla. Jan. 14, 2022) ...........................19

*Med. Prof'ls. for Informed Consent v. Bassett*,
   78 Misc. 3d 482 (Sup. Ct.Onondaga Cty. 2023) ...................................21

*Menaker v. Hofstra Univ.*,
   935 F.3d 20 (2d Cir. 2019) ...................................................14

*Natofsky v. City of N.Y.*,
   921 F.3d 337 (2d Cir. 2019) ...................................................18

*Preuss v. Kolmar Labs., Inc.*,
   970 F.Supp. 2d 171 (S.D.N.Y. 2013) ...................................................29

*Risco v. McHugh*,
   868 F. Supp. 2d 75 (S.D.N.Y. 2012) ...................................................28

*Rojas v. Roman Catholic Diocese of Rochester*,
   660 F.3d 98 (2d Cir. 2011) ...................................................28

*Roman v. Hertz Local Edition Corp.*,
   No. 20-CV-2462, 2022 WL 1541865 (S.D. Cal. May 16, 2022) ......................19

*Sharikov v. Philips Med. Sys. MR, Inc.*,
   No. 122-CV-00326, 2023 WL 2390360 (N.D.N.Y. Mar. 7, 2023) ...................18

*Shkylar v. Carboline Co.*,
   616 F.Supp. 3d 920 (E.D. Mo. 2022) ........................................ 20, 21, 22, 23

*Smith v. N.Y. Presbyterian Hosp.*,
   440 F.Supp. 3d 303 (S.D.N.Y. 2020) ...................................................29

*Speaks v. Health Sys. Mgmt., Inc.*,
   No. 22-CV-00077, 2022 WL 3448649
   (W.D.N.C. Aug. 17, 2022) ........................................................ 20, 21, 22

*St. Mary's Honor Ctr. v. Hicks*,
   509 U.S. 502 (1993) ........................................................................................18

*Thompson v. City of Tualatin*,
   No. 21-CV-01587, 2022 WL 742682 (D. Or. Mar. 11, 2022) ...........................20

*Thyroff v. Nationwide Mut. Ins. Co.*,
   460 F.3d 400 (2d Cir. 2006) .............................................................................14

*Together Emps. v. Mass Gen. Brigham, Inc.*,
   573 F. Supp. 3d 412 (D. Mass. 2021) ................................................................25

*Treglia v. Town of Manlius*,
   313 F.3d 713 (2d Cir. 2002) .............................................................................26

*Vega v. Hempstead Union Free Sch. Dist.*,
   801 F.3d 72, (2d Cir. 2015) .............................................................................27

*We the Patriots USA, Inc., v. Hochul*,
   17 F.4th 266 (2d Cir. 2021),
   *opinion clarified*,17 F.4th 368 (2d Cir. 2021) ................................................8, 9

*Williams v. Geiger*,
   447 F.Supp. 3d 68 (S.D.N.Y. 2020) .................................................................17

*Williams v. N.Y.C. Dep't of Educ.*,
   No. 18-CV-11621, 2020 WL 906386 (S.D.N.Y. Feb. 25, 2020) ........................16

**Statutes & Other Authorities:**

10 N.Y.C.R.R. § 2.61 ..................................................................................... *passim*

10 N.Y.C.R.R. § 2.61(a)(1) .......................................................................................8

10 N.Y.C.R.R. § 2.61(2) ............................................................................................8

29 C.F.R. § 1630.2(j)(ii) ...........................................................................................19

29 C.F.R. § 1630.2(k)(1) ...........................................................................................17

29 C.F.R. § 1630.2(k)(2) ............................................................................. 19, 22, 23

29 C.F.R. § 1630.14(c) ..............................................................................................17

42 U.S.C. § 12101 .......................................................................................................4

42 U.S.C. § 12102 .....................................................................................................22

42 U.S.C. § 12102(1) ...................................................................17

42 U.S.C. § 12102(3)(A)........................................................ 17, 23

42 U.S.C. § 12102(3)(b) ..............................................................19

42 U.S.C. § 12112 ..........................................................................4

42 U.S.C. § 12203(a) ...................................................................28

Fed. R. Civ. P. 12(b)(6)................................................................15

**<u>PRELIMINARY STATEMENT</u>**

Plaintiff-Appellant Jennifer Johnson ("Johnson" or "Plaintiff"), a former Registered Nurse in the Hospital's Emergency Department, who provided direct care to many critically ill patients, was terminated on September 27, 2021, after she repeatedly refused to be vaccinated against COVID-19, as mandated by the State of New York (the "Mandate"), and required by The Mount Sinai Hospital's ("Mount Sinai" or the "Hospital") policy.

In March 2020, Mount Sinai implemented policies and procedures to mitigate the spread of COVID-19. In June 2021, Mount Sinai revised its vaccination policy to require all employees to either be vaccinated or tested. On June 5, 2021, Plaintiff objected to being tested for the first time more than a year after the original policy was adopted and after the June 2021 update to the policy. On August 12, 2021, Mount Sinai updated the policy again to require that vaccination would be mandatory and that employees needed to get their first shot by September 13, 2021. Employees who failed to get the first shot by that date would be subject to disciplinary action, up to and including discharge.

On August 26, 2021, 10 N.Y.C.R.R. §2.61 ("Section 2.61") was adopted. Section 2.61 requires hospitals, like Mount Sinai, to require personnel, like Johnson, to be fully vaccinated against COVID-19.

Johnson worked in the Emergency Department at Mount Sinai. If she became infected with COVID-19, she would expose patients, their families, visitors, co-workers and herself to the disease. As a result, Johnson met the definition of personnel under Section 2.61. Plaintiff refused to be vaccinated and, as a result, she was terminated on September 27, 2021.

On February 22, 2023, the District Court granted Mount Sinai's motion to dismiss the Complaint and denied Plaintiff's motion to amend. Judge Donnelly dismissed Plaintiff's claim of disability discrimination because: (i) Plaintiff did not plausibly allege that Mount Sinai regarded or perceived her as being disabled; (ii) Mount Sinai did not make a record of Plaintiff having an impairment by complying with Section 2.61; (iii) Plaintiff admitted that the vaccination policy applied to all employees and that it was implemented to prevent the spread of COVID-19; (iv) Plaintiff's vaccination status is a personal choice and not a disability under the ADA; and (v) Plaintiff, who alleged that she has unnamed conditions that contraindicate wearing a mask and a face shield, did not plausibly allege that she was substantially limited in any major life activity.

Judge Donnelly dismissed Plaintiff's retaliation claim because Plaintiff did not sufficiently allege a causal connection between her alleged protected activity – objecting to the Hospital's COVID-19 policies – and her termination because Mount Sinai adopted its COVID-19 policies before Plaintiff objected to

2

vaccinations, testing and masking. Mount Sinai also argued to the District Court that (i) Plaintiff did not engage in protected activity; (ii) the Hospital's vaccination policy was not directed at Plaintiff and, for this reason, could not have been retaliatory; and (iii) Plaintiff's termination is too remote in time from her alleged protected activity to permit an inference of retaliation.

Judge Donnelly also denied Johnson's motion to amend the Complaint because the proposed amendment would be futile.[1]

Nevertheless, on appeal, Plaintiff argues that (i) Mount Sinai has the burden of proof under the Americans with Disabilities Act ("ADA"); (ii) she was regarded or perceived as disabled by Mount Sinai; (iii) the vaccine requirement is not job-related; (iv) her failure to be vaccinated does not present a direct threat to patients, co-workers and others; and (v) she was retaliated against because she objected to being vaccinated. Johnson also made the reprehensible claim that Judge Donnelly was biased against Plaintiff and her decision was "politically motivated."[2]

These arguments all fail because Plaintiff is required to, but did not, plausibly allege that (i) she has an ADA-qualifying disability; (ii) she had a record

---

[1] On March 21, 2023, Johnson moved to vacate the District Court's decision. (Docket No. 23). On April 28, 2023, Judge Donnelly denied Plaintiff's motion. (Docket No. 27).

[2] Many of Plaintiff's arguments, were not made to the District Court and should not be considered on this Appeal. Nevertheless, given Plaintiff's *pro se* status, Mount Sinai will address the most significant of those arguments.

of being disabled; (iii) Mount Sinai regarded or perceived her as disabled; (iv) the vaccination requirement is not job-related; (v) her refusal to be vaccinated does not present a threat to patients, co-workers and others; (vi) she engaged in protected activity; (vii), there is a causal connection between her alleged protected activity (objecting to being vaccinated) and her termination; and (vii) her termination was not too remote in time from her alleged protected activity to permit an inference of discrimination.

Accordingly, Judge Donnelly's decision dismissing the Complaint and denying Plaintiff's motion to amend the Complaint should be affirmed.

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The District Court has subject matter jurisdiction over Mount Sinai under the Americans with Disabilities Act of 1990, 42. U.S.C. § 12101, et seq., and the Americans with Disabilities Act Amendments Act of 2008, 42. U.S.C. § 12112, et seq.

## COUNTERSTATEMENT OF ISSUES

1.     Did the District Court correctly find that Plaintiff failed to plausibly allege that she had a record of impairment?

2.     Did the District Court correctly find that Mount Sinai's COVID vaccination policy applied to all employees and was designed to prevent the spread of COVID-19 to patients, staff, family members and others?

3.      Did the District Court correctly find that a hospital does not misclassify employees as impaired, who are responsible for taking care of vulnerable people, merely by requiring them to be vaccinated against a potentially deadly disease?

4.      Did the District Court correctly find that it is not a plausible inference that Mount Sinai misclassified Plaintiff as impaired by requiring her to become vaccinated because that would mean Mount Sinai considered all unvaccinated employees as being impaired?

5.      Did the District Court correctly find that Plaintiff failed to plausibly allege that she was limited in any major life activity?

6.       Did the District Court correctly find that Plaintiff failed to plausibly allege that Mount Sinai regarded or perceived her as having an impairment?

7.      Did the District Court correctly find that Plaintiff's vaccination status is not a disability?

8.      Did the District Court correctly find that whether to get vaccinated is a personal choice that cannot be considered an impairment under the ADA?

9.      Did the District Court correctly find that Plaintiff's refusal to be vaccinated was a threat to the health and safety of other employees and of patients?

10.      Did the District Court correctly find that Plaintiff failed to plausibly allege that Mount Sinai retaliated against her for engaging in protected activity?

11.   Did the District Court correctly find that there was no causal connection between Plaintiff's alleged protected activity and her termination because Mount Sinai adopted the COVID policies before she objected to vaccination, testing and masking?

12.   Should Plaintiff's retaliation claim be dismissed because Plaintiff does not allege that she engaged in protected activity?

13.   Should Plaintiff's retaliation claim be dismissed because Mount Sinai's vaccination policy was not directed at Plaintiff and, for this reason, could not have been retaliatory?

14.   Should Plaintiff's retaliation claim be dismissed because her termination is too remote in time from her alleged protected activity to permit an inference of retaliation?

15.   Did the District Court correctly decide to dismiss her Complaint and deny her motion to amend?

16.   Did the District Court correctly draw all inferences in favor of Plaintiff and interpret the Complaint liberally because of her *pro se* status?

## COUNTERSTATEMENT OF FACTS

### A.    Plaintiff's Employment

Johnson worked at Mount Sinai as a Registered Nurse in the Emergency Department at Mount Sinai caring for suspected COVID-19 patients.  (A. 26-27).[3] If she became infected with COVID-19, she would potentially expose patients, families, visitors, co-workers, and herself to a deadly disease while working in the Hospital.

### B.    Mount Sinai's Covid-19 Policies

In March 2020, due to the COVID-19 pandemic, Mount Sinai adopted safety measures to mitigate the impact of COVID-19.  In July 2020, Mount Sinai began to require employees to enter medical information in a digital tracking system, including vaccine status.  (A. 27).  Johnson complied with this requirement.  *Id.*  In June 2021, Mount Sinai updated the policy to require all employees to either be vaccinated or be tested.  (A. 27-28).  After the June 2021 modification went into effect, Johnson objected, for the first time, to Mount Sinai's COVID-19 policies. (A. 27).  On August 12, 2021, Mount Sinai updated the policy again to require mandatory vaccination and announced that employees needed to get their first shot by September 13, 2021.

---

[3] Plaintiff's Appendix does not include page numbers.  Cites to "A. __" are to the page number(s) of the PDF file of Plaintiff's Appendix.

7

C.    **The Mandate**

On August 26, 2021, 10 N.Y.C.R.R. §2.61 ("Section 2.61") became effective.  Section 2.61 requires hospitals (like Mount Sinai) to "continuously require personnel to be fully vaccinated against COVID-19, with the first dose for current personnel received by September 27, 2021…" 10 N.Y.C.R.R. §2.61(a)(1), (c).  Personnel is defined to include employees "who engage in activities such that if they were infected with COVID-19, they would potentially expose other covered personnel, patients or residents to the disease." *Id*. §2.61(2).  Johnson met the definition of personnel under Section 2.61.

Healthcare workers and membership organizations challenged Section 2.61 in two federal court actions.  In November 2021, the Second Circuit held that the plaintiffs in those actions were not entitled to a preliminary injunction enjoining enforcement of Section 2.61.  *We the Patriots USA, Inc., v. Hochul*, 17 F.4th 266, 293-94 (2d Cir. 2021) ("Although individuals who object to receiving the vaccines on religious grounds have a hard choice to make, they do have a choice. Vaccination is a condition of employment in the healthcare field; the State is not forcibly vaccinating healthcare workers"), *opinion clarified*, 17 F.4th 368, 370 (2d Cir. 2021) ("Title VII does not require covered entities to provide the accommodation that Plaintiffs prefer—in this case, a blanket religious exemption allowing them to continue working at their current positions unvaccinated" nor

8

does it "obligate an employer to grant an accommodation that would cause 'undue hardship on the conduct of the employer's business.'"). On December 13, 2021, the United States Supreme Court denied the plaintiffs' request for an injunction pending further appeal. *We the Patriots USA, Inc., v. Hochul,* 142 S.Ct. 734 (2021).

### D.    Plaintiff's Termination

In compliance with Section 2.61, Mount Sinai updated it's COVID-19 policies again. The updated policy provided that vaccination would still be mandatory and that employees still needed to get their first shot by September 13, 2021, except for employees who were granted medical or religious exemptions. (A. 29).[4]  Employees who failed to get the first shot by that date would be subject to disciplinary action, up to and including discharge. Plaintiff continued to refuse to be vaccinated and, as a result, was terminated on September 27, 2021. (A. 27-30).

### THE DISTRICT COURT'S DECISION

On February 22, 2023, the District Court granted Mount Sinai's Motion to Dismiss the Complaint. (A. 64-79). The District Court dismissed Plaintiff's claims, finding that: (i) Mount Sinai did not record Johnson as having an "impairment" that limited one of her "major life activities"; (ii) Johnson did not

---

[4] Johnson does not allege that she sought a medical or religious exemption.

9

plausibly allege that Mount Sinai regarded or perceived her as having such an impairment; and (iii) even if Johnson could demonstrate that her opposition to Mount Sinai's COVID-19 policies was "protected activity", Johnson cannot show a causal connection between her opposition and her termination. Judge Donnelly also denied Plaintiff's motion to amend the Complaint as futile.

## <u>SUMMARY OF ARGUMENT</u>

In her appeal, Johnson fails to show that the District Court committed "judicial error" and an "abuse of discretion" in finding that Plaintiff failed to plausibly allege a claim for disability discrimination or retaliation, or that Judge Donnelly erred by denying her motion to amend the Complaint. Instead, she relies on her own conclusory allegations, speculation, and unsupported inferences in a failed attempt to avoid dismissal of the Complaint.

Plaintiff argues that she plausibly alleged a claim for disability discrimination because: (i) Mount Sinai regarded or perceived her to be disabled; (ii) the Hospital's vaccination policy is not job-related; (iii) being unvaccinated does not present a threat to patients and others; and (iv) the District Court was biased against Johnson. Plaintiff also makes passing reference to Judge Donnelly's denial of her motion to amend.

These arguments all fail because: (i) the Hospital did not, and could not have, regarded or perceived Plaintiff as disabled; (ii) her conclusory allegations are

10

insufficient to state a disability claim; (iii) she improperly attempts to shift the burden of proof to Mount Sinai; and (iv) she admits, but tries to run away from, the fact that the Hospital's vaccination policy was applicable to all Mount Sinai employees. Undaunted by this admission, Plaintiff goes on to argue that Mount Sinai regarded all unvaccinated employees as impaired and disabled. This argument is arrant nonsense and is contrary to the decisions of every court to have considered the issue. (Docket No. 1-2, Ex. A, p. 2[5]; A. 26-27, 29).

Little needs to be said about Johnson's argument that the mandatory vaccine policy is not job-related. It is hard to imagine a more job-related policy than the Hospital's COVID-19 policy which was designed to protect vulnerable patients, their families, visitors, and other Hospital employees, from contracting a potentially deadly disease, COVID-19. Plaintiff's related argument that Mount Sinai should have permitted her to work in the Emergency Department unvaccinated because she would not present a direct threat to patients and others should be dismissed out-of-hand. It is apparent on its face that unvaccinated nurses with patient-facing positions present a direct threat to the health and lives of those patients, among others.

---

[5] Plaintiff did not include the exhibits to her Complaint in her Appendix. These exhibits can be found at Docket No. 1-2.

11

Equally frivolous is Plaintiff's argument that Judge Donnelly was biased against her and that the District Court relied on improper considerations in rendering its decision. Apart from the fact that there is absolutely no evidence to support these wild allegation, Johnson should be ashamed for trying to impugn Judge Donnelly's integrity.

Johnson's fatally flawed retaliation claim is premised on two incorrect assumptions: (i) that objecting to the Hospital's vaccine policy constituted protected activity; and (ii) more importantly, that Plaintiff was terminated because of that objection. The District Court correctly found that Plaintiff did not engage in protected activity and, even if her objection was a protected activity, there is no causal connection between her objections and her discharge because she did not object until after the June 2021 updated policy was in place. (A. 27). Plaintiff's retaliation claim fails for the additional reason that Mount Sinai required all employees to be vaccinated. One would have to make the unwarranted inference that all employees who refused to be vaccinated and were terminated were retaliated against in violation of the ADA. In addition, Plaintiff's termination is too remote in time from her alleged protected activity to permit an inference of retaliation. Finally, Mount Sinai was required to comply with Section 2.61 which

mandated that Hospital personnel, like Plaintiff, be fully vaccinated.[6]  (Docket No. 1-2, Ex. A, pg. 2; A. 28-29).

Judge Donnelly also denied Plaintiff's motion to amend the Complaint because the proposed amendment would be futile because it was not materially different from the original Complaint.  Johnson does not appeal from this decision and makes only passing references to it in her memorandum of law.  In any event, the District Court correctly found that the proposed amendment would be futile and subject to a motion to dismiss.

## STANDARD OF REVIEW

The Court of Appeals reviews a District Court's decision to grant or deny a motion dismiss *de novo*.  *See Falso v. Ablest Staffing Servs.*, 328 Fed. Appx. 54 (2d Cir. 2009) (finding that after an independent and *de novo* review, for substantially the same reasons stated by the district court in its thorough and well-reasoned orders, that the arguments on appeal were without merit).

To survive a motion to dismiss, a complaint must "contain sufficient factual matter ... to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks omitted).  In making that assessment, the Court must "accept [the plaintiff's] factual allegations as true and

---

[6] Plaintiff also makes completely frivolous arguments that the Mandate is somehow invalid and that the District Court's decision thwarts the will of Congress.

draw all reasonable inferences in [her] favor." *Menaker v. Hofstra Univ.*, 935 F.3d

20, 30 (2d Cir. 2019).  This plausibility pleading standard is forgiving, but "it is not

toothless." *Mandala v. NTT Data, Inc.*, 975 F.3d 202, 207 (2d Cir. 2020).  It does

not require the Court to credit "legal conclusion[s] couched as ... factual

allegation[s]" or "naked assertions devoid of further factual enhancement."

*Ashcroft v. Iqbal*, 556 U.S. at 678 (internal quotation marks and brackets omitted).

Nor are allegations that are "merely consistent with" liability enough to defeat a

motion to dismiss.  *Id.*  (internal quotation marks omitted).  Although "detailed

factual allegations" are not required, a complaint that includes only "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action will not

do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint fails

to state a claim "if it tenders naked assertions devoid of further factual

enhancement." *Ashcroft v. Iqbal*, 556 U.S. at 678 (internal quotation marks,

alterations and citations omitted).

The Court of Appeals can affirm a District Court's decision to dismiss a

complaint on any grounds supported in the record, "even if it is not one on which

the trial court relied." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d

Cir. 2006).

## ARGUMENT

### POINT I

### THE DISTRICT COURT'S DECISION DISMISSING PLAINTIFF'S COMPLAINT SHOULD BE AFFIRMED BECAUSE PLAINTIFF FAILED TO PLEAD A CLAIM FOR DISABILITY DISCRIMINATION

Even construing Johnson's complaint liberally – in light of the fact that Johnson is representing herself *pro se* – and evaluating the Complaint by "less stringent standards than formal pleadings drafted by lawyers," the District Court correctly determined that Plaintiff failed to state a claim for disability discrimination under the ADA. (A. 67). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The District Court correctly determined that Johnson failed to plausibly allege a claim under the ADA based upon an actual or perceived disability, or a record of disability, and failed to plausibly allege a retaliation claim.

Johnson baselessly alleges that the District Court held her to a "fictional and more stringent 'plausibility' standard…than it would apply to professional lawyers." (App. Br. 24). In fact, the District Court applied the appropriate analysis for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) in determining that Johnson failed to allege facts sufficient to survive a motion to dismiss. Additionally, the District Court correctly held Johnson to the well-

15

established standard requiring that a complaint state a claim to relief that is plausible on its face, and determined that Johnson's allegations of discrimination and retaliation were not plausible. *See Ashcroft v. Iqbal*, 556 U.S. at 662-63, 678.

Finally, Johnson alleges that the District Court "misconstrued" her allegations and did not "take the factual allegations in the complaint as true." The District Court did just that, and took all of Johnson's allegations in the Complaint as true. (A. 67). However, Johnson's allegations when taken as true were still not adequate to survive the motion to dismiss and were properly dismissed.

## A.     <u>Applicable Legal Standard</u>

The ADA prohibits an employer from discriminating against a qualified employee on the basis of disability. A plaintiff claiming disability discrimination under the ADA must allege that: "(1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by [her] employer; (3) [she] was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) [she] suffered an adverse employment action; and (5) the adverse action was imposed because of [her] disability." *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015); *Williams v. N.Y.C. Dep't of Educ.*, No. 18-CV-11621, 2020 WL 906386, at *3 (S.D.N.Y. Feb. 25, 2020). Under the ADA, a "disability" is: "(A) a physical or mental impairment that substantially limits one or more major life activities of

16

such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(1); *see also Williams v. Geiger*, 447 F.Supp.3d 68, 79 (S.D.N.Y. 2020).  Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  42 U.S.C. § 12102(3)(A).  A plaintiff has a "record" of disability if she "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities."  29 C.F.R. § 1630.2(k)(1).

**B.**    **The District Court Correctly Dismissed Plaintiff's Complaint**

**i.**    **Plaintiff Improperly Attempts To Shift Her Burden Of Proof To Mount Sinai**

Johnson attempts to shift to Mount Sinai her burden to prove, among other things, that she had an ADA-qualifying disability.  For example, Johnson claims that: Judge Donnelly "relieved Mount Sinai…from its burden to prove that the medical inquiry was job-related and consistent with business necessity, as prescribed by 29 CFR § 1630.14(c)"; and that it was not a defense for Mount Sinai to deny that Plaintiff had a qualifying disability under the ADA.  Johnson also alleges that the District Court "improperly placed the burden of liability on the

plaintiff rather than on the defendant" and claims that the District Court held her "to a higher standard than professional lawyers." (App. Br. 6-7).[7]

Plaintiff's argument is meritless because the burden of proof to show that she was discriminated against because of a qualifying disability is hers, not Mount Sinai's. Under the ADA, a plaintiff must "prove that discrimination was the but-for cause of any adverse employment action." *Natofsky v. City of N.Y.,* 921 F.3d 337, 348 (2d Cir. 2019). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993) (internal quotations and citations omitted). Here, Plaintiff's threshold burden is to plead that she an ADA-qualifying disability. Johnson failed to do so.

---

[7] Johnson also alleges that the District Court "erred because the rules do not require any showing of disability to claim either the violation of invasion of medical privacy or to claim the violation of being subjected to non-job-related medical treatments, tests, and disability-related inquiries." (App. Br. 7). The correct inquiry at the motion to dismiss stage is whether Johnson has plausibly alleged that the medical inquiries or examinations "would reveal disabilities." *Sharikov v. Philips Med. Sys. MR, Inc.*, No. 122-CV-00326, 2023 WL 2390360, at *15 (N.D.N.Y. Mar. 7, 2023) (dismissing plaintiff's complaint where plaintiff failed to allege facts plausibly suggesting that a vaccine attestation, an inquiry regarding whether he had contact with any infectious people, COVID-19 testing, and daily temperature screenings are inquiries or medical examinations that "would reveal disabilities"), *citing Conroy v. New York State Dep't of Corr. Servs.*, 333 F.3d 88, 94-95 (2d Cir. 2003). Johnson has failed to allege that any of Mount Sinai's COVID-19 policies would reveal any disability.

### ii.     **Plaintiff Does Not Have A Record Of Impairment**

To state a claim for disability discrimination based on a record of a disability, a plaintiff must plausibly allege that she has "a history of an impairment that substantially limited one or more major life activities when compared to most people in the general population, or was misclassified as having had such an impairment."  29 C.F.R. § 1630.2(k)(2).  The District Court correctly determined that, even if Johnson had alleged a real impairment, "she does not plausibly allege that she was substantially limited in any major life activity."  (A. 72; *see also* 29 C.F.R. § 1630.2(j)(ii) (an impairment must "substantially limit[] the ability of an individual to perform a major life activity as compared to most people in the general population")).

The first hurdle that Plaintiff cannot overcome is that every federal court to consider the issue has found that COVID-19 is not a disability under the ADA. Being regarded as disabled does not apply to impairments, like COVID-19, with an actual or expected duration of six months or less.  42 U.S.C. § 12102(3)(b). *Lundstrom v. Contra Costa Health Services,* No. 22-CV-6227, 2022 WL 17330842 at *5 (N.D. Cal. Nov 29, 2022) ("Federal courts generally agree that a COVID-19 infection is not a disability.").  *See also Roman v. Hertz Local Edition Corp*., No. 20-CV-2462, 2022 WL 1541865, at *7 (S.D. Cal. May 16, 2022) (holding that COVID-19 infection is not a disability); *McCone v. Exela Techs., Inc.,* No. 21-CV-

912, 2022 WL 801772, at *4 (M.D. Fla. Jan. 14, 2022) (holding that a COVID-19 infection does not meet the ADA's definitions of "disability"); *Thompson v. City of Tualatin*, No. 21-CV-01587, 2022 WL 742682, at *2 (D. Or. Mar. 11, 2022) (holding that being perceived as having COVID-19 is not a cognizable disability under the ADA because most COVID-19 cases last fewer than twenty days). COVID-19 is generally "transitory" and therefore is not a disability under the ADA. Being perceived of as having COVID-19 is also not a disability under the ADA.

Even if COVID-19 was an ADA-qualifying disability, Johnson's "record of" claim would still fail because Mount Sinai's COVID-19 vaccination policy applied to all employees. In *Shkylar v. Carboline Co.,* 616 F.Supp.3d 920 (E.D. Mo. 2022), the court found that the plaintiff did not plausibly allege that her employer misclassified her as having a disability where it applied COVID-19 policies and procedures to all employees. For this reason, the plaintiff could not proceed on a record of disability theory, and the court dismissed the action for failure to state a claim for discrimination under the ADA. *Shklyar,* 616 F.Supp.3d at 925-26, 928. Similarly, in *Speaks v. Health Sys. Mgmt., Inc.,* No. 22-CV-00077, 2022 WL 3448649 (W.D.N.C. Aug. 17, 2022), the court held that to infer that the defendant company classified the plaintiff as impaired by requiring her to become vaccinated or seek an exemption would mean that the company considered all its employees to

have an "impairment," "which is of course not a plausible inference, particularly in light of the possibility of an exemption." *Speaks,* 2022 WL 3448649 at *5. Thus, courts have routinely dismissed discrimination claims based on the record of disability theory where the employee alleged their employer misclassified them as having a disability, but the employer applied it's policies and procedures to all employees. *See Shklyar,* 616 F.Supp.3d at 925-26, 928; *see also Speaks,* 2022 WL 3448649, at *5. Simply requiring employees to become vaccinated under their employer's COVID-19 policy, which is applicable to all employees, does not impair the employees' ability to work (including, for example, the employee's ability to work for another company). *Id.*

As was the case in *Speaks*, Mount Sinai adopted it's COVID-19 policies (as it was required to do by the Mandate)[8] and applied them equally to all employees. (Docket No. 1-2, Ex A p. 2 (requiring all employees face-forwarding patients be

---

[8] Johnson erroneously alleges in her appeal that Mount Sinai's COVID-19 policy was "not authorized by any law" and that Section 2.61 was "struck down by NY Supreme Court Judge Neri" – Johnson did not provide any citation to such decision, however, she is seemingly referring to the decision in *Med. Prof'ls. for Informed Consent v. Bassett*, 78 Misc. 3d 482, (Sup. Ct. Onondaga Cty. 2023). However, as Johnson admits, an appeal of that decision is still pending. Johnson also contends – again without citation – that the "DOJ announced that it would revoke the Mandate." Even if the Mandate is revoked, when Mount Sinai adopted and enforced its COVID-19 policies, the Hospital did so in accordance with applicable law at the time.

tested for COVID-19); A. 27 (requiring all staff members to be tested)).  Johnson's appeal fails to address the decisions in *Shklyar* and *Speaks*.

Plaintiff claims that the Hospital made a record of her disability by misclassifying her as substantially limited with an impaired immune and respiratory systems affecting her ability to perform major life activities in the workplace.  Mount Sinai's alleged misclassification was that Johnson had COVID-19, or something akin to COVID-19.  *Id.*  But a record that an employee has a condition, like COVID-19, that is not a disability does not satisfy the ADA.  *See* 29 C.F.R. § 1630.2(k)(2).[9]

### iii.   Mount Sinai Did Not Regard Or Perceive Plaintiff As Disabled

Absent an actual or recorded disability, an employee may still be disabled under the ADA if the employee is "regarded as having such an impairment."  42 U.S.C. § 12102.  To state a claim for disability discrimination based on having been regarded as having a disability, a plaintiff must plausibly allege that she "has been subjected to an action prohibited under [the ADA] because of an actual or

---

[9]Johnson cites to a guidance from the Equal Employment Opportunity Commission ("EEOC") to support her theory that Mount Sinai was required to take a number of steps before it could require her to be vaccinated.  (App. Br. 19-21).  That argument fails because here the Hospital required all employees to be vaccinated, not just Plaintiff.  The EEOC guidance proves that point.  For example, the guidance refers to "a particular employee", "once an employee begins work" and a "specific employee."  Where, as here, the vaccination policy applies to all employees, the EEOC guidance sheds no light on Plaintiff's case.

perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."  42 U.S.C. § 12102(3)(A). (quoting 29 C.F.R. § 1630.2(k)(2)).

Courts have dismissed employees' discrimination claims based on the "regarded as" theory of disability discrimination where the employer, like here, applied its COVID-19 policies to all employees.  *Shklyar,* 616 F.Supp.3d at 925-26, 928 (complaint dismissed with prejudice because Plaintiff did not plausibly allege that Carboline regarded her as having a disability where COVID-19 policies were applied to all employees and, as a result, Plaintiff failed to plausibly allege the existence of an essential element of her discrimination claim: that she is disabled within the meaning of the ADA).  Plaintiff's "regarded as" theory fails for the same reason.

Johnson's Complaint and supporting affidavit, in addition to being conclusory and implausible, admit that Mount Sinai's COVID-19 policies were generally applicable to all Hospital employees.  (Docket 1-2, Ex. A, p. 2; A. 26-27, 29).  Johnson's allegation that she was perceived as disabled is implausible in light of this general applicability, and the District Court correctly determined that Johnson failed to allege an essential element of her perceived disability claim – that she is disabled within the meaning of the ADA.

23

Despite this correct determination by the District Court, Johnson does not change course in her appeal. Instead, she doubles down on her claim and asks the Second Circuit to find that Mount Sinai's COVID-19 policies "indeed regard every employee as a contagious threat that needs mitigation, yes, every single employee." (Pl. Br. 25). The mere statement of this proposition demonstrates its absurdity.

## C.    <u>Mount Sinai's Vaccine Policy Is Job-Related</u>

Throughout Plaintiff's brief, she repeatedly claims that she should not be required to be vaccinated, because vaccination is not job related. For example, Plaintiff says that the vaccination and masking requirements "were not related to the performance of her essential job functions" and claimed that the Hospital was "imposing non-job related medical treatments, tests, and disability-related inquires upon her." (Pl. Br. 9, 10-11). (*See also*, Pl. Br. 6, 7, 9, 10, 11, 12, 18, 21, 22, 23, 25, 26, 28). It is hard to imagine a more job-related policy than Mount Sinai's vaccine policy which was implemented to prevent the spread of a deadly disease, Covid-19, to patients, their families, visitors, other employees, and to Johnson herself.

Plaintiff makes the related but equally frivolous argument that permitting her to care for patients unvaccinated does not pose a direct threat of spreading COVID-19. For example, Plaintiff says that the "disability Johnson is claiming is that she is being regarded as an ongoing 'direct threat' of a deadly, contagious disease as

24

long as she refuses non-job related medical interventions." (Pl. Br. 25-26). (*See also* Pl. Br. 8-9, 19, 27, 29-30). Again, there can be no serious doubt that caring for patients unvaccinated poses a direct threat to those patients and others. *Together Emps. v. Mass Gen. Brigham, Inc.,* 573 F. Supp. 3d 412, 431–33 (D. Mass. 2021) (holding that plaintiff healthcare employees who were not vaccinated against COVID-19 were not "qualified individuals" because they posed a direct threat to other employees' safety, and that the defendant hospital reasonably concluded that unvaccinated employees posed a direct threat to patients and others).

**D.** <u>**Plaintiff's Claim That Judge Donnelly Was Biased Is Arrant Nonsense**</u>

In her memorandum of law in support of her appeal, Johnson repeatedly claims that Judge Donnelly was biased against her. In support of that nonsensical claim, Plaintiff makes a number of delusional accusations. For example, Johnson says: (i) "The ruling was made so contrary to the facts of the case such that it appears arbitrary or motivated by something other than the evidence presented to the court" (Pl. Br. 6); (ii) "The Judge is using an arbitrary standard that is not objective and may even be politically motivated" (Pl. Br. 7); (iii) "The Court completely relieved Mount Sinai Hospital from its burden to determine the legality of its 'Covid Policy,' and instead presumed it, showing its partiality towards the defendant and bias against the plaintiff of this case" (Pl. Br. 21); (iv) "At no time

25

did the court discuss the fact that it has adopted the same illegal 'covid policy' as Mount Sinai, which explains why the court refused to act impartially in the case" (Pl. Br. 23); (v) "The Court is abusing its discretion by applying a fictional and more stringent 'plausibility' standard to this pro se plaintiff than it would apply to professional lawyers, thus demonstrating the Court is biased and prejudice against Johnson" (Pl. Br. 24); and (vi) "The Court's dismissal of Johnson retaliation claim is arbitrary, demonstrates an egregious factual error and even suggests a bias against Johnson." (Pl. Br. 32).

## POINT II

### THE DISTRICT COURT'S DECISION DISMISSING PLAINTIFF'S COMPLAINT SHOULD BE AFFIRMED BECAUSE PLAINTIFF FAILED TO PLEAD A CLAIM FOR RETALIATION

**A.** **Applicable Legal Standard**

To state a claim of retaliation under the ADA, a plaintiff must show (i) that she participated in a protected activity; (ii) known to the employer; (iii) the employer took an adverse employment action; and (iv) a causal connection between the protected activity and the adverse employment action. *See Treglia v. Town of Manlius,* 313 F.3d 713, 719 (2d Cir. 2002). To "adequately plead causation," a plaintiff must "plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action. *Duplan v. City of New York*, 888 F.3d 612,

625 (2d Cir. 2018) (citing *Vega v. Hempstead Union Free Sch. Dist.,*, 801 F.3d 72, 90-91, (2d Cir. 2015)) (internal quotations omitted).

**B.      Plaintiff Failed To Plead A Claim For Retaliation**

The District Court correctly determined that Johnson failed to allege a retaliation claim because, even if Johnson demonstrated (which she did not) that her objection to Mount Sinai's COVID-19 policies was a "protected activity," she failed to plausibly plead that there is a causal connection between her objection and her termination.  By Johnson's own admission, Mount Sinai implemented policies and procedures to mitigate against the spread of COVID-19 in March 2020 but it was not until after a June 2021 change in policy that Johnson objected to Mount Sinai's COVID-19 policies.  (A. 27-28)

Johnson now claims that she consistently opposed Mount Sinai's COVID-19 policy once it was implemented, despite her admissions to the contrary.  Johnson also claims that she "claimed her rights under the ADA" yet the District Court correctly determined that Johnson did not in fact allege that she engaged in any protected activity.  Therefore, Plaintiff failed to plausibly allege a causal connection between a protected activity and her termination.

**C.      Plaintiff Did Not Participate In A Protected Activity**

Reduced to their essence (and despite their length), Johnson's claims amount to nothing more than her personal dislike of the vaccination requirement.  This is

27

confirmed by the fact that Plaintiff does not allege that she sought a medical or religious exemption to being vaccinated. 42 U.S.C. § 12203(a) (protecting employees when they exercise or enjoy "a right granted or protected" by the ADA). *See also Fattoruso v. Hilton Grand Vacations Co., LLC*, 525 F. App'x 26, 28 (2d Cir. 2013) (finding that general complaints were not protected activity and plaintiff's "belief that he was being treated 'unfairly' [does not] transform his complaints…into charges over unlawful discrimination") (internal citations omitted)*; Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 108 (2d Cir. 2011) (affirming District Court's holding that plaintiff failed to state a case of retaliation because [plaintiff's] generalized complaint was not a protected activity)*; Jaeger v. N. Babylon Union Free Sch. Dist.*, 191 F. Supp. 3d 215, 232 (E.D.N.Y. 2016) ("absent a claim of unlawful discrimination, general complaints about employment concerns do not constitute protected activity"); *Risco v. McHugh*, 868 F. Supp. 2d 75, 110 (S.D.N.Y. 2012) ("Generalized complaints about a supervisor's treatment are insufficient.")

The conclusion is unavoidable that Plaintiff's refusal to be vaccinated was made for personal reasons. For example, Plaintiff alleges that a mandatory vaccination policy amounts to "participating in clinical trials and epidemiological experiments as a condition of employment." (A. 19). In *Beckerich v. St. Elizabeth Medical Ctr.*, 563 F. Supp.3d 633, 644 (E.D. Ky. 2021) (reconsideration denied,

No. 21-CV-105, 2021 WL 4722915 (E.D. Ky. Sept. 30, 2021)), the Court said that a private employer's implementation of vaccination policies is not an infringement on an employee's individual liberties with respect to their personal choices. As the Court noted, "no Plaintiff in this case is being forcibly vaccinated." "Rather, the Plaintiff[] [is] choosing whether to comply with a condition of employment, or to deal with the potential consequences of that choice." *Id*. Mount Sinai has not "forced" its employees to become vaccinated. Instead, it has presented its employees with a choice, as it was required to by New York State law – become vaccinated, or deal with the consequences of refusing to do so.

Finally, Plaintiff's termination on September 27, 2021 is too remote in time from her first complaint, nearly four months earlier, on June 5, 2021 to permit an inference of retaliation. *See Clark Cty. Sch. Dist. v. Breeden,* 532 U.S. 268, 273-74, (2001) (citing cases where three to four months deemed insufficient); *Hollander v. Am. Cyanamid Co.,* 895 F.2d 80, 85-86 (2d Cir. 1990) (finding three and a half months insufficient); *Smith v. N.Y. Presbyterian Hosp.*, 440 F.Supp.3d 303, 343 (S.D.N.Y. 2020) (3 and 4 months gaps between protected activity and adverse actions were insufficient) (collecting cases); *Preuss v. Kolmar Labs., Inc.*, 970 F.Supp.2d 171, 198 (S.D.N.Y. 2013) ("district courts in the Circuit have held that a passage of more than two months between the protected activity and the adverse employment action does not allow for an inference of causation") (internal

29

quotations and citations removed) (collecting cases); *Garrett v. Garden City Hotel, Inc.*, No. 05-CV-0962, 2007 WL 1174891, at *21 (E.D.N.Y. Apr. 19, 2007) (same).

<u>**CONCLUSION**</u>

For the foregoing reasons, the District Court's Order dismissing Johnson's Complaint should be affirmed.

Dated: New York, New York
      August 1, 2023

**AKERMAN LLP**

By: _____

    Rory J. McEvoy
    Cassidy Mara
*Attorneys for Defendant-Appellee*
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
(212) 880-3800
rory.mcevoy@akerman.com
cassidy.mara@akerman.com

**Federal Rules of Appellate Procedure Form 6. Certificate of Compliance With Type-Volume Limit**

Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements

1.  This document complies with  the type-volume limit of Fed. R. App. P. *32(a)(7)(B)* because*,* excluding the parts of the document exempted by Fed. R. App. P. 32(f):

☑ this document contains 6,645 words, **or**

☐ this brief uses a monospaced typeface and contains [*state the number of*] lines of text.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

☑ this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 Version 2102 (Build 13801_20960) in 14-point and Times New Roman (serif) font, **or**

☐ this document has been prepared in a monospaced typeface using [*state name and version of word-processing program*] with [*state number of characters per inch and name of type style*].

(s) Rory J. McEvoy, Esq.

Attorney for Defendants-Appellees

Dated: 8/1/2023

| | | | |
|---|---|---|---|
| STATE OF NEW YORK | ) | | **AFFIDAVIT OF SERVICE** |
| | ) | ss.: | **BY OVERNIGHT EXPRESS** |
| COUNTY OF NEW YORK | ) | | **MAIL** |

     I, Tyrone Heath, 2179 Washington Avenue, Apt. 19, Bronx, New York 10457, being duly sworn, depose and say that deponent is not a party to the action, is over 18 years of age and resides at the address shown above or at

     **On August 1, 2023**

deponent served the within: **Brief for Defendant-Appellee**

     **upon:**

Jennifer Johnson
*Appellant Pro Se*
22-46 79th Street, Apt. 3A
East Elmhurst New York 11370
(718) 791-8621

the address(es) designated by said attorney(s) for that purpose by depositing 1 true copy(ies) of same, enclosed in a postpaid properly addressed wrapper in a Post Office Official Overnight Express Mail Depository, under the exclusive custody and care of the United States Postal Service, within the State of New York.

     **Sworn to before me on August 1, 2023**

**MARIANA BRAYLOVSKIY**
Notary Public State of New York
No. 01BR6004935
Qualified in Richmond County
Commission Expires March 30, 2026     **Job# 322842**